CHARLES LASK, Plaintiff, *v.* ROBERT M. SILVERMAN and ROSE L. SILVERMAN, Defendants.

ROSE L. SILVERMAN, Respondent; CHARLES MEYERS and JACOB MANNE, Appellants.

First Department, November 7, 1919.

Mortgages — foreclosure — summary order directing attorneys for plaintiff to execute and deliver deed of mortgaged property to defendant and to account for the rents and profits after sale and delivery to another — remedy in equity.

Where upon the foreclosure of a mortgage executed by a husband to his wife and assigned to the plaintiff for the purpose of foreclosure the plaintiff bids in the property and assigns his bid to a corporation to which a deed is executed and delivered, the wife, claiming that the attorneys in the action acted as her attorneys and agreed to have the property deeded to her, is not entitled to a summary order in said action directing said attorneys to turn over to her a deed of the property and account for the rents, issues and profits thereon, as the attorneys, having no title to the property, cannot convey the fee thereof.

The remedy of the wife, if any, is by a suit in equity.

APPEAL by Charles Meyers and Jacob Manne from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of August, 1919, directing two attorneys to execute and deliver a deed of certain real estate to Rose L. Silverman.

*Louis Ehrenberg,* for the appellants.

*Alonzo G. McLaughlin* of counsel [*McLaughlin & Stern,* attorneys], for the respondent.

PAGE, J.:

Robert M. Silverman executed and delivered to his wife, Rose L. Silverman, a mortgage lien upon certain real estate which he owned, to secure the payment of a note for $2,000 made by Silverman to his wife. The mortgage was assigned

to Charles Lask, for the purpose of foreclosure. The action was brought by Manne and Meyers as attorneys for plaintiff and a sale had, and the property was bid in by the plaintiff. The plaintiff assigned his bid to the Excellent Holding Corporation and the deed was executed and delivered to the said corporation. Rose L. Silverman claims that Manne and Meyers acted as her attorneys and agreed to have the property deeded to her, and that on demand they have refused to do so or to account for the rents, issues and profits thereof. She made a motion entitled in the foreclosure action for an order directing them to turn over to her a deed of the property and account for the rents, issues and profits thereof. The attorneys denied that they were retained by her or that the action was brought in her behalf, but claim that they were retained by and acted on behalf of her husband, Robert M. Silverman, and that the action was brought for the purpose of having the property turned over to a corporation, all with the knowledge and consent of Rose. Robert M. corroborated the affidavit of the attorneys and states that he owns all of the stock of the Excellent Holding Corporation.

The justice at Special Term granted the order, which provides (1) for an accounting of the rents and profits; (2) Rose L. Silverman to pay the amount if any may be found due the attorneys for the costs, expenses and disbursements in the foreclosure action and any deficiency resulting from the expenses of carrying said real estate over and above the rents and profits, etc., and upon receiving payment, the attorneys to execute and deliver to her a good and sufficient deed conveying to her the fee of the premises; (3) if the referee shall find a balance due to Rose L. Silverman, then the attorneys are directed within five days to pay over the said sum and deliver the deed.

The order is incapable of being executed. The attorneys not having title to the property cannot convey the fee thereof to Rose L. Silverman or anybody else.

The respondent has mistaken her remedy. If the facts alleged by her are true, she would have an action in equity, in which action the corporation, her husband and possibly the attorneys should be parties defendant. But a summary proceeding in the foreclosure action cannot be maintained.

First Department, November, 1919. [Vol. 189.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN. JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.